19-1244
Long Dong v. Garland

BIA
A077 415 473

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-one.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*

_____

JIAN LONG DONG,
>        *Petitioner*,

>        v.                                              19-1244
>                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.**

_____

FOR PETITIONER:          Theodore N. Cox, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Bernard A.

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Joseph, Senior Litigation Counsel; Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Long Dong, a native and citizen of the People's Republic of China, seeks review of an April 11, 2019, BIA decision denying his motion to reopen his removal proceedings. *In re Jian Long Dong,* No. A077 415 473 (B.I.A. Apr. 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Petitioner moved to reopen his removal proceedings to present evidence of his claimed fear of persecution based on the births of his two children in the United States purportedly in violation of China's population control program.

It is undisputed that Petitioner's motion to reopen was

2

untimely because he filed it more than one year after he was ordered removed. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply if the motion is to reopen proceedings to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Petitioner failed to demonstrate materially changed country conditions related to the enforcement of the family planning policy. *See Jian Hui Shao*, 546 F.3d at 159-66, 169-73. As the BIA found, Petitioner's evidence reflected that the Chinese government had loosened the family planning policy to permit two children per couple beginning January 1, 2016, and that the use of incentives and economic punishments to coerce compliance with the policy continued as it had for years.

Accordingly, because Petitioner did not establish a material adverse change in conditions in China, the BIA did

3

not abuse its discretion in denying his motion to reopen as untimely.    *See*  8 U.S.C.   § 1229a(c)(7)(C);   8 C.F.R. § 1003.2(c).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4